ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

ABRAHAM H. CORTELYOU

*v.*

PETER Q. HOAGLAND and ALEXANDER B. BROKAW.

The complainant, one of the eight directors of a corporation, endorsed a promissory note for its benefit, and the proceeds of which it received, under an oral agreement with all of his co-directors to indemnify him from all loss resulting therefrom, except as to his own portion, one-eighth. He was compelled to pay the note, and five of the directors repaid him their respective shares of the amount. On demurrer by the other two directors to a bill to recover the amount due on their indemnity--*Held*, (1) that the agreement was not within the statute of frauds; (2) that the remedy at law being adequate, the bill must be dismissed.

Bill for relief.   On general demurrers.

1

---

Cortelyou *v.* Hoagland.

---

*Mr. P. H. Gilhooly,* for Brokaw.

*Mr. J. J. Bergen,* for Hoagland.

*Mr. A. A. Clark,* for complainant.

THE CHANCELLOR.

The case made by the bill is that the complainant, being a director and stockholder of the Neshanic Creamery Association, a corporation of this state, endorsed the promissory note of the company for $1,200, as an accommodation endorser, in order that it might be discounted to raise money needed for the business of the corporation; that to induce him so to endorse the note, the other seven directors (who were also stockholders), of whom the defendants were two, agreed with him that if he would do so, they would jointly and severally respond to him and save him from all loss thereby incurred, except one-eighth to be borne by himself; that in consideration, and only in consideration of that agreement to indemnify him, he endorsed the note; that he was compelled to pay the amount of it, and that the others have paid him their shares, but the defendants refuse. The suit is brought to recover of them the amount due from them on their indemnity. The defendants demur on the ground that the agreement, being oral merely, is within the statute of frauds, and also on the ground that the complainant has an adequate remedy at law. The agreement is not within the statute of frauds. *Brown St. Fr.* § *161; Apgar* v. *Hiler, 4 Zab. 812; Thompson* v. *Coleman, 1 South.* *216.* There is clearly an adequate remedy at law, and no reason for recourse to equity. The demurrers will be allowed.